United States District Court
Southern District of Texas
**ENTERED**
May 22, 2020
David J. Bradley, Clerk

United States District Court　　　Southern District of Texas

| | | |
|---|---|---|
| Monica Rodriguez, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-18-4623 |
| | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

# Opinion on Summary Judgment

1. *Introduction.*

   The question in this action is whether substantial evidence supports the commissioner's decision that Monica Rodriguez is not disabled under the terms of the Social Security Act. It does.

   Rodriguez brought this action for judicial review of the commissioner's final decision denying her claims for disability insurance benefits.[1] Both sides have moved for summary judgment.

---

[1] 42 U.S.C. §§ 405(g), 416(i), and 423.

2. *Standard of Review.*

Judicial review is limited to determining whether there is substantial evidence in the record as a whole to support the commissioner's decision.[2] In cases of administrative-agency decisions like this, the function of judicial review is to ensure that the bureau employed an essentially fair process, invalidating not those decisions with which the court might disagree, but those where governmental regularity has lapsed into an exercise of mere will.

A decision unsupported by substantial evidence must fail. Substantial evidence means a level of proof that a reasonable mind might accept as adequate support of a conclusion. This court may not independently weigh the evidence, try issues afresh, or substitute its judgment for that of the secretary.[3]

3. *The Statutory Criteria.*

The law establishes a two-part test for determining disability. First, the claimant must suffer from a medically determinable impairment—physical or mental—that can be expected to last for at least twelve continuous months.[4] Second,

---

[2]*See Richardson v. Perales*, 402 U.S. 389 (1971).

[3]*See Jones v. Heckler*, 702 F.2d 616 (5th Cir. 1983).

[4]42 U.S.C. § 423(d)(1)(A).

the impairment must be so severe that the claimant is unable to engage in substantial gainful activity.[5]

The law has a five-step technique to determine whether a claimant is disabled. First, it must be determined if the claimant is participating in substantially gainful activity. Second, it must be decided if the claimant has a medically determinable impairment that is "severe" or a combination of impairments that are severe. Third, it must be established if the claimant's impairment(s) are of a severity to meet or medically equal the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1. In "Paragraph B" of the stated section, it says that mental impairments must result in at least one extreme or two marked limitations in a broad area of functioning. These areas are: (a) understanding, remembering, or applying information; (b) interacting with others; (c) concentrating, persisting, or maintaining pace; and (d) adapting or managing themselves. Fourth, it must be determined if the claimant has residual functioning capacity to perform the requirements of her past relevant work. In order to do this, it must be further evaluated if there are underlying medically-determinable physical or mental impairments that could be reasonably expected to produce the claimant's pain or other symptoms. Once shown, the intensity, persistence, and limiting effect of the claimant's shown symptoms must be evaluated to determined to what extent claimant's functional capacity is

---

[5] 42 U.S.C. § 423(d)(2)(A).

limited. Fifth, it must be determined if the claimant can do any other work considering her residual functional capacity, age, education, and work experience. After each step, a decision will be made about the claimant's disability or the analysis will continue to the next step.[6]

4. *Background.*

On September 10, 2015, Rodriguez filed for disability claiming her disabilities as schizoaffective disorder, bipolar disorder, post-traumatic stress disorder, and hepatitis-c. She previously had been diagnosed with these disorders. In 2018, Rodriguez had been in remission for her substance abuse and tested negative for hepatitis-c. She was treated by numerous psychiatrists and prescribed anti-psychotic medication and mood-stabilizers. Rodriguez had not held a job longer than eight months and had not been employed since May 2015. On February 14, 2018, an administrative law judge held a hearing and her application was denied. On September 27, 2018, an administrative appeals panel denied her request for review.

5. *Application.*

The officer properly found that Rodriguez was not disabled. The five-step process was correctly followed. First, Rodriguez had not engaged in substantial gainful activity since prior to filing for

---

[6] 20 CFR 416.920.

disability. Second, her schizoaffective disorder and bipolar disorder were severe; however, her hepatitis-c and poly-substance abuse disorder were not shown to impair her ability to work. Third, Rodriguez was only found to have mild to moderate limitations in the four broad categories, indicating that she did not meet the criteria of a mental impairment. Fourth, Rodriguez's residual functioning capacity enabled her to work with the limitations of a non-production rate job with infrequent changes to procedures, limited to incidental interaction with the public, and occasional contact with supervisors or co-workers. Lastly, a vocational expert testified that despite Rodriguez's lack of ability to work in her prior field, there were other jobs she could do, considering her residual functioning capacity, age, education, and work experience.

### A.  *Step One*

Rodriguez had not engaged in substantial gainful activity since May 2015.

### B.  *Step Two*

When determining if her schizoaffective disorder and bipolar disorder were severe, the officer examined if the disabilities significantly limited Rodriguez's ability to perform basic work activity. Both disorders did, and therefore were classified as severe. He found that her hepatitis-c was not severe because she was treated and tested negative. Her poly-substance abuse disorder

was not severe because Rodriguez had been in remission. Neither of these two diseases were shown in the record to significantly impair her ability to perform work, and thus were not severe.

### C. *Step Three*

In holding that Rodriguez only had mild to moderate limitations, the officer considered each of the four broad categories individually. First, in giving Rodriguez a moderate limitation in understanding, remembering, or applying information, the officer examined her mental exams, which showed that Rodriguez had limited insight and judgment, and the record showed that she was hallucinating. Second, in giving Rodriguez a moderate limitation in interacting with others, the officer considered Rodriguez's claim that she isolated herself from others and gets agitated easily. Further, the medical evidence showed that she was diagnosed with schizoaffective disorder, which affects social skills.

Third, Rodriguez was given a moderate limitation in concentrating, persisting, or maintaining pace based on her allegations that she had racing thoughts, difficulty focusing, and difficulty concentrating, which were supported by her claims in her medical records. Lastly, she was given a mild limitation in adapting or managing herself because the record shows that she was able to perform daily living activities, but she reported that she had trouble sleeping. The officer properly found that Rodriguez

did not meet the "paragraph B" criteria because none of her limitations were marked or extreme.

### D. *Step Four*

When deciding that Rodriguez had enough residual functioning capacity to perform work with some limitations, the officer considered Rodriguez's claim that she could not work because of poor memory, hallucination, and racing thoughts. The officer determined that these could result from her disabilities but not to the extent required by the regulation. Additionally, the record shows that when Rodriguez took her prescribed medication, these symptoms were controlled.

The officer dismissed her GAF scores of 40, 42, and 50 because these scores were highly subjective. He instead looked to the mental status exam which stated that Rodriguez was anxious but her mood, memory, and knowledge were average for someone of her education and age. The record supports these findings through numerous mental status exams over the course of months in 2017. Rodriguez's statement that when she took her medication as prescribed and received therapy, she did well and her mood was good further supported the officer's determination.

Last, the record shows that she was fired from her last job due to her criminal record, not her mental state. This indicated that she is capable of work with her current residual functioning capacity.

E. *Step Five*

A vocational expert testified that a person with Rodriguez's residual functioning capacity would not be able to perform her prior work; however, considering her age, capacity, education, and past work experience, there were numerous other jobs that were aplenty in Texas, like a banquet set up worker, a laundry worker, a garment sorter, and a folder, all of which Rodriguez would have been able to do.

6. *Conclusion.*

The decision of the commissioner denying Monica Rodriguez's claim for disability insurance benefits is supported by substantial evidence and will be affirmed.

Signed on May 22, 2020, at Houston, Texas.

Lynn N. Hughes
United States District Judge